Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| ALFREDO LUIS PAGÁN PÉREZ<br><br>Peticionario<br><br>V.<br><br>VALERIE STEPHANIE MERETE RIVERA<br><br>Recurrida | KLCE202301185 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2019RF00381<br><br>Sobre: Divorcio |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de octubre de 2023.

-I-

Comparece Alfredo Luis Pagán Pérez (en adelante el peticionario) y nos solicita que revisemos una Orden emitida el 30 de junio de 2023, notificada el 10 de julio, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante dicha determinación se le impuso al peticionario el pago retroactivo, en concepto de pensión alimentaria, de $756.00 al 1 de agosto de 2019. Cabe destacar que el 24 de julio de 2023 el peticionario presentó una solicitud de reconsideración ante el foro primario, la cual fue denegada mediante Orden dictada el 17 de septiembre de 2023 y notificada el 19 de septiembre.

Considerada la comparecencia del peticionario y con el propósito de lograr el más justo y eficiente despacho del asunto ante nuestra consideración, prescindimos de los términos para comparecencia de la parte recurrida. Véase, Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B)

(5). Por los fundamentos que se exponen a continuación, nos vemos precisados a desestimar el recurso.

-II-

-A-

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 2023 TSPR 26, 211 DPR ____ (2023). Es por ello que la falta de jurisdicción de un tribunal incide directamente sobre el poder del mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020).  Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 2023 TSPR 50, 211 DPR ___ (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank, supra.*

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que una apelación o recurso prematuro, al igual que uno tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *Yumac Home Furniture v. Caguas Lumber Yard*, 194 DPR 96 (2015).  Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay

autoridad judicial para acogerlo. *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo*, 210 DPR 99 (2022); *Báez Figueroa v. Administración de Corrección*, 209 DPR 288 (2022); *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, 202 DPR 1 (2022).

Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo, supra*. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Yumac Home Furniture v. Caguas Lumber Yard, supra*. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Íd.*

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero, supra*; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652 (2014).

En lo aquí pertinente, la Regla 83 del Tribunal de Apelaciones dispone que:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
> (5) que el recurso se ha convertido en académico.

**(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.** (Énfasis suplido)

-B-

La Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V R. 52.2, establece los términos para la presentación de una apelación, un recurso de *certiorari* o un recurso de certificación. Específicamente, en la referida Regla se dispone que los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia deberán ser presentados dentro del término de 30 días contados desde el archivo en autos de copia de la notificación de la sentencia o resolución recurrida. Véase también la Regla 32 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 32. Ahora bien, el término para presentar una solicitud de *certiorari* ante el Tribunal de Apelaciones se interrumpirá cuando se presente una moción de reconsideración conforme a lo dispuesto en la Regla 47 de Procedimiento Civil y volverá a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. 4 LPRA Ap. XXII-B R. 47.

-III-

Conforme al tracto procesal reseñado, así como al derecho aplicable, según el mismo fuera expuesto previamente, nos corresponde desestimar el recurso ante una clara ausencia de jurisdicción. Como se indicara previamente, el 10 de julio de 2023 el TPI notificó la determinación recurrida, ante la cual el 24 de julio de 2023 se presentó una moción de reconsideración. Dicha petición de reconsideración fue denegada mediante Orden dictada el 17 de septiembre de 2023 y notificada el 19 de septiembre. Ello implica que, conforme a lo dispuesto en las discutidas Reglas 52.2 y 47 de Procedimiento Civil, así como en lo establecido en la Regla 32 del

Reglamento de este Tribunal, el recurso presentado por el peticionario el 26 de octubre de 2023 fue tardío, pues éste contaba con treinta (30) días para su presentación desde que se archivó en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. En vista de lo anterior, estamos privados de examinar los méritos de la reclamación y procede su desestimación.

-IV-

Por los fundamentos que anteceden, conforme a lo dispuesto en la Regla 83 (C) del Reglamento de este Tribunal desestimamos el recurso presentado por el peticionario.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones